℧JS 44  (Rev. 12/07)
## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Andre Patterson
5763 Pemberton Street

**DEFENDANTS**
City of Philadelphia
1515 Arch Street

(b) County of Residence of First Listed Plaintiff  __Philadelphia__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  __Philadelphia__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward F. Chacker, Esquire
1731 Spring Garden Street

Attorneys (If Known)
Mark V. Maguire
1515 Arch Street, 14th Floor

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgement

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff alleges federal civil rights violation under 42 U.S.C. section 1983

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Andre Patterson, 5763 Pemberton Street, Philadelphia, PA 19143

Address of Defendant: _____ City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____ Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).     Yes ☐     No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐     No ☒
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes ☐     No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes ☐     No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes ☐     No ☒

CIVIL: (Place ✗ in ONE CATEGORY ONLY)

**A. Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

**B. Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Mark V. Maguire _____, counsel of record do hereby certify:

☐ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/13/16      _____      94242
                          Mark V. Maguire, Esquire       Attorney I.D. #
                          Attorney-at-Law

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____      _____      94242
                             Mark V. Maguire, Esquire       Attorney I.D. #
                             Attorney-at-Law

CIV. 609 (1/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE PATTERSON | : | COURT OF COMMON PLEAS |
| 5763 Pemberton Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19143 | : | COMMONWEALTH OF PENNSYLVANIA |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 160601229 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| c/o of Law Department | : | No. _____ |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| PHILADELPHIA POLICE | : | |
| OFFICER DAVID CHISHOLM | : | |
| (Badge No. 1739) | : | |
| Individually and as a Police Officer | : | |
| For the City of Philadelphia | : | |
| c/o Law Department | : | |
| 1515 Arch Street, 14th Floor | : | Formerly, |
| Philadelphia, PA 19102 | : | Court of Common Pleas |
| and | : | Philadelphia County |
| JOHN DOE POLICE OFFICERS I-V | : | June Term 2016 |
| Defendants. | : | |

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.    (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.    (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.    (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    (   )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.      ( X )

_7/8/16_
Date

(215) 683-5439
_____
Telephone

Mark V. Maguire, Esq.

(215) 683-5397
_____
FAX Number

Defendants
Attorney for

mark.maguire@phila.gov
_____
E-mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE PATTERSON** | : | **COURT OF COMMON PLEAS** |
| **5763 Pemberton Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19143** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **June Term, 2016** |
| **CITY OF PHILADELLPHIA** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| **and** | : | |
| **PHILADELPHIA POLICE** | : | **No.: 93187** |
| **OFFICER DAVID CHISHOLM** | : | |
| **(Badge No.: 1739)** | : | |
| **Inidvidually and as a Police Officer** | : | |
| **for the City of Philadelphia** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
| **and** | : | |
| **JOHN DOE POLICE OFFICERS I-V** | : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of
Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Police Officer David Chisholm, John Doe
Police Officers I-V and the City of Philadelphia, (hereinafter "petitioners") through their counsel,
Mark Maguire Divisional Deputy City Solicitor, respectfully petition for the removal of this
action to the United States District Court for the Eastern District of Pennsylvania.  In support
thereof, defendants state the following:

1.    In June, 2016, plaintiff initiated this action by a Complaint in the Court of Common
Pleas in Philadelphia, June Term, 2016; No. 93187.  (Exhibit A - Complaint).

2.  On June 14, 2016 said Complaint was served on Petitioners at 1515 Arch Street, 14th

Floor, Philadelphia, Pennsylvania.

3.  Plaintiffs allege that on or about June 22, 2014 he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, Police Officer David Chisholm, John Doe Police Officers I-V and City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Armando Brigandi
Chief Deputy City Solicitor

**MARK V. MAGUIRE**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 94242**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

Date: 7/12/16

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE PATTERSON | : | COURT OF COMMON PLEAS |
| 5763 Pemberton Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19143 | : | |
|      Plaintiff, | : | |
|      v. | : | June Term, 2016 |
| CITY OF PHILADELLPHIA | : | |
| c/o Law Department | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
|      and | : | |
| PHILADELPHIA POLICE | : | No.: 93187 |
| OFFICER DAVID CHISHOLM | : | |
| (Badge No.: 1739) | : | |
| Inidvidually and as a Police Officer | : | |
| for the City of Philadelphia | : | |
| c/o Law Department | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      and | : | |
| JOHN DOE POLICE OFFICERS I-V | : | |
|      Defendants. | : | |

## NOTICE OF FILING OF REMOVAL

TO:   Edward F. Chacker, Esquire
      GAY CHACKER & MITTIN, PC
      1731 Spring Garden Street
      Philadelphia, PA 19130

     PLEASE TAKE NOTICE THAT on June 14, 2016, defendants, Police Officer David Chisholm, John Doe Police Officers I-V and City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**MARK V. MAGUIRE**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 94242**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE PATTERSON | : | COURT OF COMMON PLEAS |
| 5763 Pemberton Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19143 | : | |
| Plaintiff, | : | |
| v. | : | June Term, 2016 |
| CITY OF PHILADELLPHIA | : | |
| c/o Law Department | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| and | : | |
| PHILADELPHIA POLICE | : | No.: 93187 |
| OFFICER DAVID CHISHOLM | : | |
| (Badge No.: 1739) | : | |
| Inidvidually and as a Police Officer | : | |
| for the City of Philadelphia | : | |
| c/o Law Department | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| JOHN DOE POLICE OFFICERS I-V | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Mark V. Maguire, Divisional Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Edward F. Chacker, Esquire
      GAY CHACKER & MITTIN, PC
      1731 Spring Garden Street
      Philadelphia, PA 19130


      **MARK V.  MAGUIRE**
      **Divisional Deputy City Solicitor**
      **Attorney ID No. 94242**
      City of Philadelphia Law Department
      1515 Arch Street, 14th Floor
      Philadelphia, PA  19102
      215-683-5439

Date: _____

Exhibit "A"

93187

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **JUNE 2016** |
| | E-Filing Number: 1606032487   **001229** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANDRE PATTERSON | CITY OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5763 PEMBERTON STREET<br>PHILADELPHIA PA 19143 | 1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DAVID CHISHOLM |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOE POLICE OFFICERS I-V |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA PA 19102 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [X] $50,000.00 or less<br>[ ] More than $50,000.00 | [X] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2B - ASSAULT, BATTERY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>JUN **14** 2016<br>**C. FORTE** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ANDRE PATTERSON</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| EDWARD F. CHACKER | 1731 SPRING GARDEN STREET<br>PHILADELPHIA PA 19130 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)567-7955 | (215)567-6809 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 17158 | shafia@gaychackermittin.net |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| EDWARD CHACKER | Tuesday, June 14, 2016, 12:55 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 03/17/2017
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

| | | |
|---|---|---|
| **ANDRE PATTERSON** | : | COURT OF COMMON PLEAS |
| 5763 Pemberton Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19143 | : | |
| v. | : | JUNE TERM, 2016 |
| **CITY OF PHILADELPHIA c/o Law Department** | : | |
| 1515 Arch Street, 14ᵗʰ Floor | : | No. |
| Philadelphia, PA 19102 | : | |
| **PHILADELPHIA POLICE OFFICER DAVID** | : | |
| **CHISHOLM (Badge No. 1739)** | : | |
| Individually and as a Police Officer for the City | : | |
| of Philadelphia c/o Law Department | : | |
| 1515 Arch Street, 14ᵗʰ Floor | : | |
| Philadelphia, PA 19102 | : | |
| **JOHN DOE POLICE OFFICERS I-V** | : | |

CIVIL ACTION COMPLAINT
2B – Assault and Battery

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED OR FEE OR NO FEE.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND INFORMATION SERVICE**
**ONE READING CENTER**
**PHILADELPHIA, PA  19107**
**TELEPHONE:  (215) 238-1701**

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estat demandas expuestas las páginas siguientes, usted tiene viente (20 dias de plazo al partir de la fecha de la demanda y la notificatión.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificatión. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puese perder dinero o sus propiedades u ostros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL..

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE ANGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONA QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**ASOCIACION DE LICENCIADOS DE FIDELFIA**
**Servicio De Referencia E Información Legal**
**One Reading Center**
**Filadelfia, Pennsylvania  19107**
**Telephono: (215) 238-1701**

**GAY CHACKER & MITTIN, PC**
**BY: EDWARD F. CHACKER, ESQUIRE**
Identification No: 17158
1731 Spring Garden Street
Philadelphia, PA 19130
(215) 567-7955

ATTORNEY FOR PLAINTIFF
Arbitration – Assessment of
Damages Hearing Required

| | |
|---|---|
| ANDRE PATTERSON : | COURT OF COMMON PLEAS |
| 5763 Pemberton Street : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19143 : | |
|     Plaintiff, : | |
|     v. : | June Term, 2016 |
| CITY OF PHILADELPHIA : | |
| c/o Law Department : | |
| 1515 Arch Street, 14th Floor : | |
| Philadelphia, PA 19102 : | |
|     and : | |
| PHILADELPHIA POLICE : | No. |
| OFFICER DAVID CHISHOLM : | |
| (Badge No.: 1739) : | |
| Individually and as a Police Officer : | |
| for the City of Philadelphia : | |
| c/o Law Department : | |
| 1515 Arch Street, 14th Floor : | |
| Philadelphia, PA 19102 : | |
|     and : | |
| JOHN DOE POLICE OFFICERS I-V : | |
|     Defendants. : | |

## COMPLAINT

Plaintiff, Andre Patterson ("Mr. Patterson"), by and through his attorneys, Gay Chacker & Mittin, P.C., hereby asserts the following Complaint against defendants, the City of Philadelphia ("the City"), Philadelphia Police Officer David Chisholm (Badge No.: 1739) ("defendant Chisholm"), and John Doe Police Officers I-V ("defendant John Doe officers") (collectively "defendants").

### Parties

1.    Plaintiff, Andre Patterson, is and was at all material times an adult individual who resides

at the above referenced address.

2.    Defendant, City of Philadelphia, is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Philadelphia Police Department, which employed defendant police officers.

3.    Defendant, Police David Chisholm was at all times relevant to this action a police officer of the City of Philadelphia Police Department.  He is being sued in his individual capacity as a police officer for the City of Philadelphia.

4.    Defendants, John Doe Officers I-V were at all times relevant to these action officers of the City of Philadelphia Police Department. They are being sued in their individual capacities as police officers for the City of Philadelphia.

## Facts

5.    On or about June 22, 2014, at approximately 1:32 a.m. Mr. Patterson was walking home along the 4800 block of Walnut Street, Philadelphia, PA from a friend's house.

6.    Mr. Patterson was walking alone when two officers pulled up and told him to stop.

7.    Mr. Patterson immediately asked the officers "what's going on", "I didn't do anything".

8.    Mr. Patterson was immediately placed in cuffs by a defendant John Doe officer. Defendant, John Doe officer only placed one wrist of Mr. Patterson in cuffs.

9.    Mr. Patterson was then grabbed by defendant Chisholm who assisted by placing the other cuff onto Mr. Patterson.

10.    Defendant Chisholm pushed Mr. Patterson on a gate, slammed him to the ground, kicked and stuck with a taser.

11.    After being handcuffed and thrown on the ground, Mr. Patterson repeatedly asked "what's going on".

2

Case ID: 160601229

12.     Neither defendant Chisholm or defendant, John Doe officers read Mr. Patterson his rights or told him what he was being stopped for.

13.     At no time did Mr. Patterson cause or present any danger to any police officer or anyone present at the scene.

14.     As Mr. Patterson lay on the ground additional officers approached the scene. During the course of the assault, none of the defendant officers made any attempt to prevent or interrupt the assault, or to protect Mr. Patterson from violations of his rights by assaulting officers despite having the opportunity to do so.

15.     Mr. Patterson sustained numerous bruises, cuts, abrasions and various injuries throughout his entire body and had to seek medical attention for which he treated for approximately a year.

16.     As a direct and proximate result of defendants' unlawful actions, Mr. Patterson suffered contusions of the elbows; abrasions of hips; abrasion of legs; periligamentous edema of the anterior cruciate ligament; strain/sprain of the meniscus without tear, among other injuries.

17.     Subsequent to his unlawful assault, and despite having done nothing wrong, Mr. Patterson was charged with public urination, public drunkenness and disorderly conduct.

18.     Mr. Patterson was released after receiving citations for public drunkenness, public urination and disorderly conduct.

19.     Importantly, at no time did Mr. Patterson violate any law, or pose any threat to anyone, including defendant police officers, or resist the officers in any manner.

20.     Indeed, Mr. Patterson complied with every illegal order and action taken by defendant police officers.

21.     Subsequent to the unlawful arrest of Mr. Patterson, defendant officers prepared and caused to be prepared police paperwork intentionally misrepresenting the events that led to the arrest of

3

Mr. Patterson. These misrepresentations were intentional, malicious, in bad faith, deliberately indifferent, and recklessly indifferent to Mr. Patterson's rights.

22.    At no time during the incident described in this complaint did Mr. Patterson violate the laws of Pennsylvania or any other jurisdiction as described in the bogus paperwork prepared by defendant Chisholm.

23.    As a direct and proximate result of the defendants' actions, Mr. Patterson was deprived of rights, privileges and immunities under the Fourth Amendments to the United States Constitution and in particular the right to be free from excessive force.

24.    As a direct and proximate result of defendants' actions, Mr. Patterson continues to suffer from, *inter alia*, anxiety, fear, and mental harm.

25.    The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Patterson to freedom from excessive force, freedom from malicious prosecution, the right to be free from false arrest and false imprisonment, and the right to due process of law.

## COUNT ONE

### Assault and Battery
### Plaintiff v. Defendant, Police Officer David Chisholm and Defendant, John Doe Police Officers I-V

26.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 26, inclusive, of his Complaint as if the same were set forth at length herein.

27.    On or about June 22, 2014, defendant Chisholm and defendant, John Doe Police Officers I-V did knowingly, intentionally, negligently, maliciously and/or recklessly commit an assault and battery upon the plaintiff.

28.    As a result of the defendant's conduct, plaintiff suffered physical injuries, pain and

4

suffering, emotional distress and/or financial losses.

29.     The actions and conduct of the defendants exceeded the normal standards of decent
conduct and were willful, malicious, oppressive, outrageous, unjustifiable and therefore, compensatory
and punitive damages are necessary and appropriate.

WHEREFORE, plaintiff, Andre Patterson, demands judgment in his favor and against
defendants, Philadelphia Police Officer David Chisholm and defendant John Doe Police
Officers, I-V jointly and severally with the other defendant herein named in an amount not in
excess of Fifty Thousand ($50,000) Dollars, plus costs, interest and such other and further relief
as appears reasonable and just.

**COUNT TWO**
**Outrageous Conduct Causing Severe Emotional Distress**
**Plaintiff v. Defendant, City of Philadelphia**

30.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 29,
inclusive, of his Complaint as if the same were set forth at length herein.

31.     At the aforesaid time and place defendant officers, were the agents, servants, workers
and/or employees acting within the scope of authority of their employment with City of Philadelphia.

32.     Defendant Police officers assaulted and battered Mr. Patterson.

33.     Andre avers that defendant, City of Philadelphia is liable for the negligent acts of its
agent, servant, worker and/or employees, as set forth above and herein under the doctrine of Respondeat
Superior.

34.     The acts and omissions of defendant, City of Philadelphia as alleged in the preceding
paragraphs constitute the tort of Outrageous Conduct Causing Severe Emotional Distress, all to the
plaintiff's great detriment and loss.

35.     As a result of the above actions, Mr. Patterson suffered the damages as aforesaid.

5

WHEREFORE, plaintiff, Andre Patterson, demands judgment in his favor and against defendant, City of Philadelphia jointly and severally with the other defendants herein named in an amount not in excess of Fifty Thousand ($50,000) Dollars, plus costs, interest and such other and further relief as appears reasonable and just.

## COUNT THREE
## Plaintiff v. Defendant City of Philadelphia

36.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 35, inclusive, of his Complaint as if the same were set forth at length herein.

37.    Prior to January 2, 2014, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons, which caused the violation of Mr. Patterson's rights.

38.    It was the policy and/or custom of the City of Philadelphia to cover-up and to avoid detection of acts of police abuse or improper use of authority by charging victims of police abuse with criminal offenses thereby attempting to prevent the victim's access to the courts and to due process.

39.    It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train their police officers, including defendant police officers, thereby failing to adequately discourage further constitutional violations on the part of their police officers.  The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

40.    It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train their police officers, including defendant police officers, against a code of silence or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

6

Case ID: 160601229

41.     It is believed and therefore averred that the City of Philadelphia and their Police Department adopted and maintained for many years a recognized and accepted policy, custom and practice of systematically subjecting individuals to the same type of treatment to which Mr. Hill was subjected, which constitutes the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983. It is believed and therefore averred that the City of Philadelphia and their Police Department adopted and maintained for many years a recognized policy, custom and practice, which allows for falsely arresting, falsely imprisoning and maliciously prosecuting suspects by police officers, the same type of treatment to which Mr. Hill was subjected, and which violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

42.     As a result of the above described policies and customs, police officers of the City of Philadelphia, including defendant police officers, and the City of Philadelphia believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and condoned.

43.     As a result of the above actions, Mr. Patterson suffered the damages as aforesaid.

WHEREFORE, plaintiff, Andre Patterson, demands judgment in his favor and against defendant, the City of Philadelphia jointly and severally with the other defendants herein named in an amount not in excess of Fifty Thousand ($50,000) Dollars, plus costs, interest and such other and further relief as appears reasonable and just.

EDWARD F. CHACKER, ESQUIRE
Attorney for Plaintiff

7

VERIFICATION

    I, EDWARD F. CHACKER, ESQUIRE, of GAY, CHACKER & MITTIN, P.C. hereby certify that the statements contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

                                      _____
                                        EDWARD F. CHACKER